**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Justin Martin Jackson, #C219,** | ) | Case No. 2:16-cv-2099-MBS-MGB |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Kenneth Boone, Sheriff of Florence Cty.** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Justin Martin Jackson ("Petitioner") is a federal pretrial detainee who has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is proceeding *pro se* and has paid the $5.00 filing fee (see DE# 1, Receipt No. SCX300066450). This matter was referred to the Magistrate Judge for review. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed** without prejudice, and without issuance and service of process, for the following reasons:

**I. Background**

This Court's own records reflect that on December 8, 2015, the Petitioner and nine co-defendants were indicted on federal drug and conspiracy charges. *See United States v. Bruce et al.*, D.S.C. Case No. 4:15-CR-867-BHH-TER (indicating pending Counts 1 and 18 against Petitioner for violation of 21 U.S.C. § 846 "conspiracy to distribute narcotics" and 21 U.S.C. § 841 "selling, distributing, or dispensing narcotics"). An arrest warrant was issued, and the Petitioner was arrested pursuant to such warrant on December 10, 2015. On that date, Petitioner

waived his right to a detention hearing, and the Court ordered him detained pending trial. (*Id*., DE# 64, Order of December 10, 2015). Petitioner is currently detained in federal custody at the Florence County Detention Center.

On May 16, 2016, Petitioner began filing *pro se* motions in his pending federal criminal case. (See Case No. 4:15-CR-867-BHH, DE# 243 "motion to set bail;" DE# 244 "motion to substitute attorney;" DE# 284 "motion to dismiss;" and DE# 288 "motion to transfer back to Darlington County Detention Center"). The Court denied the motions, except for the "motion to set bail" which is still pending. On May 19, 2016, the Court appointed a new attorney for the Petitioner. (*Id*. DE# 262, Order). Thereafter, Petitioner obtained his own counsel, and on June 8, 2016, the Court terminated the appointment of counsel. (*Id*. DE# 308). On June 9, 2016, Petitioner's new attorney (Cameron Littlejohn, Jr.) filed a motion for discovery for Petitioner. (*Id*. DE# 309). The criminal case is currently pending in the District Court for the District of South Carolina.

Despite having new counsel in his criminal case, on June 22, 2016 Petitioner (proceeding *pro se*) filed the present habeas petition pursuant to 28 U.S.C. § 2241. Petitioner attaches sixteen pages of exhibits, specifically four of his hand-written *pro se* motions from his pending criminal case. The attached exhibits are the: 1) "motion to dismiss" certain charges against him; 2) "motion to set bail for pretrial release;" 3) "motion to appoint alternative counsel;" and "motion to transfer back to Darlington County" (DE# 1-1 at 1, 9, 13, 15, Exhibits A-D).

Petitioner has not completed a "Statement of the Claim" in his Petition. Rather, he merely indicates that the attached *pro se* motions from his criminal case are his "grounds for habeas relief." Such motions do not present any grounds for habeas relief. In his motion to dismiss, Petitioner contends that SLED drug analysis has revealed that the substance found in the vehicle

had tested positive as a type of "bath salt" made in China, rather than ethylone. (DE# 1-1 at 2). In his motion to set bail, Petitioner alleges that such motion is based "specifically on the fact that the Defendants (sic) charges at bar are subject to summary dismissal." As for his "motion to appoint alternative counsel," Petitioner indicates in his petition that he has "fired" his attorney. (DE# 1 at ¶ 6). As for his motion to transfer back to Darlington County Detention Center, he contends that he wants to go back there because he was "receiving assistance relevant to his federal criminal case from other inmates." (DE# 1-1 at 16). In his "Petition," he complains that he asserted all of these motions in his criminal case, but that "no action was taken." (DE# 1 at ¶ 15). His assertion is inaccurate. The Court denied the motion to dismiss and the motion to transfer. (See Case No. 4:15-CR-867-BHH, DE# 285, 289 Orders). The Court granted the motion to substitute attorney. (*Id*., DE# 254). The Court appointed new counsel. (*Id*., DE# 262). The "motion to set bail" is still under consideration.

For relief, Petitioner asks for "release on bail, release from custody, dismissal of charges, transfer back to Darlington County Detention Center, and any other relief deemed just and proper." (DE# 1, ¶ 16).

## II. *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr*., 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Rules

Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III.  Discussion

Although Petitioner purports to file a petition pursuant to 28 U.S.C. § 2241, he merely attaches motions from his criminal case. Petitioner may not simply refer to a variety of motions as his "grounds for relief." He is not challenging the computation or execution of any federal sentence. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) ("A petition for writ of habeas corpus under 28 U.S.C. § 2241 provides the appropriate avenue to challenge the manner in which a sentence is being executed."). As already discussed, federal criminal charges are still pending against him pursuant to a federal indictment. Petitioner was arrested pursuant to an arrest warrant, and his petition does not suggest any reason why he is allegedly "in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To the extent Petitioner wants the Court to set bail, Petitioner waived his right to a detention hearing, and the Court ordered him detained pending trial. (*Id*., DE# 64, Order of December 10, 2015). Petitioner's *pro se* "motion to set bail" was filed on May 16, 2016 in the criminal case, has been referred to a Magistrate Judge, and is presently under consideration. Thus, at this time, this case does not involve any issue regarding alleged excessive bail. *See, e.g., United States v. Spilotro*, 786 F.2d 808, 812 (8th Cir. Feb. 24, 1986) (finding that a motion to reduce an excessive bail is an appealable order) (citing *Stack v. Boyle*, 342 U.S. 1 (1951)).

Although Plaintiff has labeled his document as a petition pursuant to 28 U.S.C. § 2241, his allegations do not concern any issues usually cognizable under § 2241. Issues typically reviewed under § 2241 include challenges to the execution of a federal sentence, matters of parole and prison discipline, and challenges to extradition. *See, e.g., Nezirovic v. Holt*, 779 F.3d 233 (4th Cir. 2015) (a person subject to a certification of extraditability may file a petition pursuant to 28 U.S.C. § 2241); *Zhenli Ye Gon v. Holt*, 774 F.3d 207, 210-211 (4th Cir. 2014) (a fugitive's only avenue to challenge an extradition decision is to file a § 2241 petition), *cert. denied*, 135 U.S. 2859 (2015); *Wallace v. Fed. BOP*, 604 F.App'x 329, 2015 WL 3732298 (4th Cir. June 16, 2015) (challenging parole decision by means of § 2241 petition); *Johnson v. Warden, FCI Williamsburg*, Case No. 1:13–3347–JFA–SVH, 2014 WL 4825926 (D.S.C. Sept. 24, 2014) (federal prisoner challenged disciplinary hearing decision and complained of loss of statutory good time credits), *affirmed by* 597 F.App'x 161, 4th Cir. Mar. 12, 2015), *cert. denied*, 136 S.Ct. 556 (2015). None of these issues are present here.

Petitioner does not challenge the computation or execution of any federal sentence. Moreover, a § 2241 petition is generally brought as a *post-conviction* challenge to the execution

or computation of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action. Petitioner's petition is premature, and he has other avenues available to him. In other words, Petitioner's motions will be (or already have been) considered in his criminal case. Although he seeks release from custody prior to his criminal trial, his allegations pertain to his counselled defense in that action and provide no basis for release from detention under 28 U.S.C. § 2241.

The usual route of appeal (whether direct or interlocutory) will be available to Petitioner. For example, in the event that Petitioner is convicted of the criminal charges and if he believes that he has grounds for a direct appeal, the proper procedure is for him to pursue the normal avenue of appellate review in the Fourth Circuit Court of Appeals. Petitioner will be able to bring a direct appeal, absent a valid waiver of such right. As for any interlocutory appeal regarding an allegation of excessive bail, the United States Supreme Court has explained that "the proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals from an order denying such motion." *Stack*, 72 S.Ct. at 6. The United States Supreme Court pointed out that federal district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Id*.; *and see, e.g., Timms v. Johns,* 627 F.3d 525, 531 (4th Cir. 2010) (same, observing that "courts "require exhaustion of alternative remedies before a prisoner can seek federal habeas relief"), 563 U.S. 1029 (2011). The issue of "excessive bail" is not properly before this Court.

Petitioner's § 2241 habeas petition is premature. Petitioner has failed to exhaust alternative remedies. Habeas is not a substitute for appeal. *See United States v. Foster*, 296 F.2d 249 (4th Cir. 1961) ("By this strategy the defendant seeks to substitute another remedy for

appeal, and to achieve an immediate review of interlocutory orders without awaiting final judgment as is required for an appeal…. the defendant may not maintain such a petition but must first stand trial, and may later renew his contentions in the course of an appeal to this court in the event of his conviction."). Petitioner has not exhausted his available procedures, i.e. criminal trial and any available appeals. *See Sample v. Morrison,* 406 F.3d 310, 313 (5th Cir. 2005) (dismissing § 2241 petition because it was "not ripe for review"). To the extent Petitioner may be seeking a form of "mandamus" relief, he may not do so here. *See Foster*, 296 F.2d at 251 (a writ of "mandamus may not … be used as substitute for an appeal or as means for obtaining review of order of trial court which is not appealable because it does not constitute final determination of case").

Even giving this petition the liberal construction afforded to *pro se* filings, Petitioner's allegations are not cognizable here. A district court may summarily dismiss a § 2241 petition if is plainly apparent from the record that the movant is not entitled to any relief. This petition should be summarily dismissed.

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 29, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **Important Notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).